UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLES GRANT,<br>    Petitioner, | Case No. 1:16-cv-904 |
| | Bertelsman, J. |
| vs. | Bowman, M.J. |
| WARDEN, MARION<br>CORRECTIONAL INSTITUTION<br>    Respondent. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Petitioner, an inmate in state custody at the Marion Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on petitioner's motion for relief from judgment. (Doc. 13).

On April 26, 2017, the undersigned issued a Report and Recommendation, recommending that respondent's motion to dismiss the petition be granted on the ground that petitioner procedurally defaulted and waived his three grounds for relief. (Doc. 9) Specifically, with respect to Ground One of the petition, the undersigned determined that petitioner failed to present his ineffective assistance of trial counsel claims to the state courts by filing a timely petition for post-conviction relief under Ohio Rev. Code § 2953.21. Petitioner also failed to present the ineffective assistance of appellate counsel claims raised in Grounds Two and Three through a Rule 26(B) application to reopen his appeal. Noting that petitioner had not filed a response to the motion to dismiss at that time, the Court found that petitioner had failed to demonstrate that he can satisfy the standards set forth in Ohio Rev. Code § 2953.23 or Ohio App. Rule 26(B)(1) for filing untimely motions in the Ohio courts.[1] In the absence of any showing of cause for petitioner's

---
[1] As noted in the Court's April 26, 2017 Report and Recommendation, petitioner was required to file a post-conviction petition challenging his ineffective-assistance claims raised in Ground One "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Ohio Rev. Code § 2953.21(A)(2). Section 2953.23 specifies that in order to file an untimely post-conviction petition petitioner must show he was unavoidably prevented from discovery of the facts

failure to present the claims to the Ohio courts and actual prejudice from the alleged constitutional errors, the undersigned recommended that the petition be dismissed with prejudice.

On the same day the April 26, 2017 Report and Recommendation was docketed, the Court issued an Order vacating the Report and Recommendation in light of an April 24, 2017 notation order granting petitioner's motion for an extension of time through May 15, 2017 to file a response to the motion to dismiss. (*See* Doc. 10). On May 17, 2017, upon expiration of the time for filing a response to the motion to dismiss, the Court reinstated the August 26, 2017 Report and Recommendation. (Doc. 11).

On May 19, 2017, the Court received petitioner's traverse brief in opposition to the motion to dismiss. (Doc. 12). Petitioner subsequently filed a motion for relief from judgment, arguing that his traverse should be considered timely because it was placed in the prison mailbox on May 12, 2017. (Doc. 13). Petitioner requests that the Court's May 17, 2017 Order be vacated and the arguments presented in his traverse be considered in the Court's adjudication of the motion to dismiss pending before the Court.

Because it appears that petitioner provided his traverse to the prison authorities for mailing prior to the deadline for filing a response to the motion to dismiss, petitioner's motion (Doc. 13) is **GRANTED**, to the extent that the Court's May 17, 2017 Order reinstating the April 26, 2017 Report and Recommendation is hereby **VACATED.** *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497–98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n. 1 (6th Cir. 2006).

---

upon which he relies and that, but for the constitutional error at trial, no reasonable factfinder would have found petitioner guilty. An application under Ohio App. Rule 26(B) must be filed within ninety days from journalization of the final judgment on appeal unless the applicant shows good cause for the late filing. Ohio App. Rule 26(B)(1).

For the reasons that follow, and upon consideration of petitioner's response in opposition to the motion to dismiss, the undersigned recommends that the petition be dismissed without prejudice so that petitioner may attempt to exhaust his state court remedies.

**II.   OPINION**

In his traverse brief, petitioner requests that the court grant him habeas relief on his grounds for relief or, in the alternative, permit him to return to the state courts to exhaust his state court remedies. Specifically, petitioner seeks to file an application to reopen his appeal pursuant to Ohio App. Rule 26(B). In the absence of a response from petitioner, the undersigned previously recommended that the petition be dismissed with prejudice on the ground that petitioner procedurally defaulted and waived his grounds for relief. However, in light of petitioner's response and request to return to the state courts, the undersigned is of the opinion that the petition should be dismissed without prejudice on exhaustion grounds.

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

This case does not involve a "mixed" petition containing both exhausted and unexhausted claims because petitioner has never presented his ineffective assistance of counsel and appellate counsel claims to the state courts for their consideration. (*See* Doc. 9 at PageID 697–99). As the Court noted in its April 26, 2017 Report and Recommendation, petitioner neither raised the ineffective assistance of trial counsel claims asserted in Ground One or the remaining ineffective assistance of appellate counsel claims through a post-conviction petition or application to reopen his appeal pursuant to Ohio App. Rule 26(B). *See, e.g.*, *Childers v. Warden*, Case No. 2:13-cv-991, 2014 WL 3828429, at *3 (S.D. Ohio Aug. 4, 2014) ("Petitioner may still obtain review of [his ineffective assistance of appellate counsel claim] by filing a delayed Rule 26(B)

4

application in the state appellate court, where a claim of ineffective assistance of appellate counsel properly is raised. Petitioner has not done so. This action therefore is unexhausted.").

Because petitioner has not presented his claims for federal habeas corpus relief to any state court, this Court may require petitioner to return to the state courts to exhaust his claims as long as an avenue of relief still remains open to him there. In this case, petitioner may still pursue a delayed application to reopen his appeal pursuant to Ohio App. Rule 26(B) and, to the extent that petitioner seeks to challenge his counsel's performance at trial, a delayed post-conviction petition under Ohio Rev. Code § 2953.21.[2] *Cf. Godbolt v. Russell*, 82 F. App'x 447, 449-50 (6th Cir. 2003) (in affirming the district court's decision to dismiss a habeas petition on exhaustion grounds, the Sixth Circuit stated: "No matter how unlikely it seems that [the state post-conviction] petition will fall within the narrow exception contained in [Ohio Rev. Code § 2953.23], it is for the state courts to interpret and enforce their laws on such issues."); *see also Harris v. Warden, Madison Corr. Inst.*, No. 1:11cv414, 2012 WL 1552757, at *4-5 (S.D. Ohio Apr. 30, 2012) (Litkovitz, M.J.) (Report & Recommendation) (involving the arguably available remedy of a successive post-conviction petition), *adopted*, 2012 WL 1902435 (S.D. Ohio May 25, 2012) (Barrett, J.).

Because it thus appears that there are available avenues of relief in the state courts for petitioner to exhaust his claims for federal habeas relief, the Court must next address whether the petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden, Ohio State*

---

2 As noted in the Court's April 26, 2017 Report and Recommendation, "claims of ineffective assistance of trial counsel where the defendant was represented by the same attorney who represented him at trial" must be presented "in a post conviction action pursuant to R.C. § 2953.21," rather than as an assignment of error on direct appeal." (*See* Doc. 9, at PageID 703 (citing *Ambartsoumov v. Warden*, No. 2:12cv345, 2014 WL 3045304, at *25 (S.D. Ohio July 3, 2014) (Report & Recommendation), *adopted*, 2014 WL 4805384 (S.D. Ohio Sept. 26, 2014)).

*Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted*, 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012) (Rice, J.).

The stay-and-abeyance approach was first recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), as a means of ensuring that the "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement" for "mixed" petitions, will not preclude habeas review of claims raised in a "timely but mixed petition in federal district court" that would be time-barred if the petitioner were required to file a new action after exhausting his state court remedies. *See Rhines*, 544 U.S. at 274-75. The procedure applies only in "limited circumstances." *Id.* at 277. Indeed, some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *Hust v. Costello*, 329 F. Supp.2d 377, 380 (E.D.N.Y. 2004) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2013 WL 80362 (S.D. Ohio Jan. 27, 2013) (Graham, J.); *Mimms v. Russell,* No. 1:08-cv-079, 2009 WL 890509, at *3 (S.D. Ohio Mar. 31, 2009). *But cf. Heleva v. Brooks*, 581 F.3d 187, 191-92 (3rd Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10, 2011) (same). Courts that

have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust*, 329 F. Supp.2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also Hickman*, 191 F. App'x at 757.

However, in *Hickey v. Hoffner*, __ Fed. App'x ___, 2017 WL 2829523, at *4 (6th Cir. June 30, 2017), the Sixth Circuit recently considered the applicability of the stay-and-abeyance procedure in the case of a non-mixed petition containing only unexhausted claims. After observing that other circuits have found the procedure applicable in cases containing solely unexhausted claims, *see id.* at n.5, the Sixth Circuit remanded the case to the district court to determine if the petitioner could show good cause for failing to raise his claims in the state court. If so, the Sixth Circuit directed, the district court should stay the petition and hold it in abeyance while the petitioner returned to the state court to exhaust his available remedies. *Id.*

In *Rhines*, the Supreme Court held that the district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible" with the AEDPA's "twin purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77. The Court continued:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay

7

when his unexhausted claims are plainly meritless.

*Id.* at 277. A stay is also not warranted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 278. It would likely be an abuse of discretion to deny a stay and dismiss the petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

In this case, petitioner has not made a showing of good cause for his failure to exhaust his state court remedies prior to filing his habeas corpus petition to warrant a stay in this action. In his traverse, petitioner largely argues that he has demonstrated cause to overcome the procedural default of his grounds for relief in light of the ineffective assistance of counsel. Petitioner claims that he is "functionally ill[i]terate" and must rely on assistance of others, but otherwise offers no explanation for his failure to exhaust his claims through an application to reopen his appeal or post-conviction petition prior to pursuing federal habeas relief. (*See* Doc. 12 at PageID 715–16). Petitioner's pro se status, illiteracy, or reliance on others do not constitute good cause for failure to meet the exhaustion requirement. *See Lundy*, 455 U.S. at 520 ("our interpretation of §§2254(b),(c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each on to state court. Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement."). *Cf. Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995) (holding that the petitioner's "pro se status and ignorance of his rights do not constitute cause excusing his failure to raise grounds before the state courts" in the context of a procedural default).

Accordingly, in sum, after weighing the *Rhines* factors, it is **RECOMMENDED** that

respondent's motion to dismiss (Doc. 6) be **GRANTED** to the extent that the petition be **DISMISSED** without prejudice subject to refiling after petitioner has exhausted his available state court remedies. In light of this recommendation, the Court's April 26, 2017 Report and Recommendation (Doc. 9) is **WITHDRAWN.**

### IT IS THEREFORE ORDERED THAT:

1. Petitioner's motion for relief from judgment (Doc. 13) is **GRANTED** and the May 17, 2017 Order (Doc. 10) reinstating the April 26, 2017 Report and Recommendation is **VACATED.**

2. The April 26, 2017 Report and Recommendation is **WITHDRAWN.**

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED** to the extent that the petition be **DISMISSED** without prejudice on the ground that petitioner has failed to exhaust the available state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that this case should be dismissed without prejudice pending his exhaustion of such remedies.[3]

---

[3] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484. It is noted, however, that the transcript of the plea and disposition hearing belies petitioner's contentions that are based on the record. Petitioner also faces other significant procedural hurdles to review of the merits of his claims. As discussed above, most, if not all, of petitioner's claims appear to be time-barred under 28 U.S.C. § 2244(d)(1)(A). Moreover, an argument can be made that by entering a guilty plea, petitioner waived any claim of a *Brady* violation and, in any event, is not entitled to habeas relief based on such a claim because the "Supreme Court has never held that the *Brady* rule requires disclosure of exculpatory evidence prior to the entry of a plea, rather than for use at trial." *See, e.g., McClellan v. Rapelje*, No. 2:09cv10617, 2010 WL 5294366, at *11-12 (E.D. Mich. Nov. 15, 2010) (Report & Recommendation) (and cases cited therein), *adopted*, 2010 WL 5293957 (E.D. Mich. Dec. 20, 2010); *cf. Williams v. Sheets*, No. 1:04cv403, 2007 WL 184745, at *3, *12 (S.D. Ohio Jan. 19, 2007) (Barrett, J.; Black, M.J.).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHARLES GRANT,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, MARION<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | Case No. 1:16-cv-904<br><br>Bertelsman, J.<br>Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).